THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POLEN, | CASE NO.: |
| Plaintiff, | JURY TRIAL DEMANDED ON COUNTS II THROUGH V |
| v. | |
| | Jason M. Schiffman, Esq. |
| UNITED HEALTHCARE SERVICES, INC. i/t/d/b/a OPTUM and OPTUM SERVICES, INC. | Pa I.D. # 207103 jason@schiffmanfirm.com |
| Defendants. | Daniel S. Schiffman, Esq. Pa I.D. # 309825 Dan@schiffmanfirm.com |
| | Schiffman Firm, LLC 1300 Fifth Avenue Pittsburgh, PA 15219 Phone:  412/288-9444 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

AND NOW comes the Plaintiff, Thomas Polen, by and through his attorneys, Schiffman Firm, LLC, Jason M. Schiffman, Esquire, and Daniel S. Schiffman, Esq. and hereby files the following Complaint:

1.      Plaintiff, Thomas Polen, is an adult individual who, at all times relevant hereto, was a citizen of the Commonwealth of Pennsylvania residing at 62 East Elm Street, Waynesburg, Pennsylvania 15370.

2.      Defendant, United Healthcare Services, Inc. (hereinafter referred to as "United Healthcare"), is a corporate entity and a citizen of the state of Minnesota with a registered office address of 1010 Dale St N, St Paul, Minnesota 55117 which traded and did business as "Optum" and which at all relevant times conducted substantial continuous business as an insurance company and a company tasked with recovering United Healthcare's alleged subrogation interests within the Commonwealth of Pennsylvania.

3. Defendant, Optum Services, Inc. (hereinafter referred to as "Optum") is a corporate entity which is a citizen of the state of Minnesota with a registered office address of 1010 Dale St N, St Paul, Minnesota 55117 which at all times conducted substantial continuous business as a company tasked with recovering United Healthcare's alleged subrogation interests within the Commonwealth of Pennsylvania.

4. This Court is granted jurisdiction in this action pursuant to 28 U.S.C. §1332 because (a) the case involves citizens of different states; and, (b) the amount in controversy is in excess of Seventy-five Thousand ($75,000.00) Dollars.

5. United Healthcare Services, Inc. i/t/d/b/a Optum and Optum Services, Inc. are referred to hereinafter both jointly and/or severally as "Defendants."

## COUNT I – ACTION FOR DECLARATORY JUDGMENT

**THOMAS POLEN  vs. UNITED HEALTHCARE SERVICES, INC. i/t/d/b/a OPTUM and OPTUM SERVICES, INC.**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of this Complaint as though the same were more fully set forth herein.

7. At all relevant times, Plaintiff was the owner of, beneficiary of, covered person, and/or named insured on a policy providing insurance coverage for motor vehicles which was issued by Geico General Insurance Company (hereinafter referred to as "Motor Vehicle Insurance Policy") in compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law.

8. The motor vehicle insurance policy provided coverage in accord with applicable Pennsylvania statutes, codes, and precedent. A true and correct copy of the Motor Vehicle Insurance Policy is attached hereto and marked "Exhibit A."

9. The Motor Vehicle Insurance Policy provided Uninsured Motorist Coverage Pennsylvania and Underinsured Motorist Coverage Pennsylvania to Thomas Polen.

{SF16-1023.0001}

10. Plaintiff Thomas Polen was also the owner of, beneficiary of, covered person, and/or named insured on a policy providing health insurance issued by United Healthcare titled "Pennsylvania Health Insurance Plan" (hereinafter referred to as "Health Insurance Plan") bearing plan number #000902730 and policy number 911-87726-04. A true and correct copy of the Health Insurance Plan policy is attached hereto and marked "Exhibit B."

11. The Health Insurance Plan contains the language, "We are delivering this Policy in the State of [*sic*] Commonwealth of Pennsylvania. This Policy is governed by the laws of the State of [*sic*] Commonwealth of Pennsylvania."

12. On or about June 3, 2016, Plaintiff was involved in a severe motor vehicle collision while driving in West Virginia (hereinafter referred to as the "Incident") which caused him to sustain serious injuries and caused him to incur significant medical bills.

13. The medical bills were initially paid by Geico General Insurance Company which provided first party benefits to Plaintiff through his Motor Vehicle Insurance Policy pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

14. Subsequent to the incident, the first party medical benefits issued through Plaintiff's Motor Vehicle Insurance Policy were exhausted.

15. Plaintiff has continued to sustain medical bills for reasonable and necessary medical treatment for the grievous injuries he suffered.

16. These bills have been paid, in part, by Plaintiff's Health Insurance Plan.

17. The Health Insurance Plan paid Six Hundred Seven Thousand Five Hundred and Eighty Nine Dollars and One Cent ($607,589.01) for reasonable and necessary medical bills. A true and correct copy of the amounts allegedly paid by the Health Insurance Plan is reflected in Optum's Med Payment Summary attached hereto and marked "Exhibit C."

18. On or about October 26, 2016, Plaintiff and his wife, Donna Polen, entered into a settlement with Geico General Insurance Company for the full amount of the Underinsured Motorist Coverage provided by their Motor Vehicle Insurance policy. A true and correct copy of the applicable Release is attached hereto and marked "Exhibit D."

19. On or about July 26, 2017, Plaintiff and his wife, Donna Polen, entered into a settlement with Allstate insurance company for the policy limits of the third party insurance policy. A true and correct copy of the applicable Release is attached hereto and marked "Exhibit E."

20. Defendant United Healthcare individually and acting through Optum and/or its agent Optum Services, Inc. has asserted a lien against the proceeds of any recovery which Plaintiff receives arising from the Incident.

21. In support of the assertion of the lien, Defendants have cited the following provision in the Health Insurance Plan:

*Subrogation*

*Subrogation is the substitution of one person or entity in the place of another with reference to a lawful claim, demand or right. Immediately upon paying or providing any Benefit, we shall be subrogated to and shall succeed to all rights of recovery, under any legal theory of any type for the reasonable value of any services and Benefits we provided to you, from any or all of the following listed below.*

*In addition to any subrogation rights and in consideration of the coverage provided by this Policy, we shall also have an independent right to be reimbursed by you for the reasonable value of any services and Benefits we provide to you, from any or all of the following listed below.*

- *Third parties, including any person alleged to have caused you to suffer injuries or damages.*
- *Your employer.*
- *Any person or entity who is or may be obligated to provide benefits or payments to you, including benefits or payments for underinsured or uninsured motorist protection, no-fault or traditional auto insurance, medical payment coverage (auto, homeowners or otherwise), workers' compensation coverage, other insurance carriers or third party administrators.*
- *Any person or entity who is liable for payment to you on any equitable or legal liability theory.*

{SF16-1023.0001}

22.     Defendants allege that United Healthcare is entitled to subrogation of any proceeds received by Plaintiff alleging that West Virginia law should govern their subrogation claims since the Incident occurred in West Virginia.

23.     This position is in direct contradiction to United Healthcare's assertion that the insurance policy is governed by the laws of "the State of [*sic*] Commonwealth of Pennsylvania" which laws would require that the Pennsylvania anti-subrogation statute is controlling.

24.     Defendants concede that, should Pennsylvania's laws apply to this controversy, they would have no right to subrogation. A true and correct copy of correspondence from Defendants is attached hereto and marked "Exhibit F."

25.     The parties to the Health Insurance Plan contracted to be bound by the laws of Pennsylvania.

26.     Furthermore, every significant contact weighs in favor of applying the laws of Pennsylvania.

27.     Plaintiff has repeatedly proffered to Defendants, that, pursuant to the anti-subrogation provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S.A § 1720, there is no subrogation for a benefits paid or payable by a program, group contract or other arrangement by a Pennsylvania health insurance company paying health insurance benefits to a Pennsylvania resident.

28.     By way of example, a correspondence was forwarded from Plaintiff to Defendants on November 14, 2016 advising Defendants that the Court would likely apply Pennsylvania law to this matter. A true and correct copy of this correspondence is attached hereto and marked "Exhibit G."

29.     On April 4, 2017, Defendants, via email, again asserted a right to subrogation in this matter.

30. On that same date Plaintiff, via email, reiterated that Defendants were not entitled to a right of subrogation and requested, "Can you please confirm that Optum's position remains the same?"

31. Defendants responded via email that, "Optum's position remains the same."

32. Plaintiff has been unable to receive the proceeds of his settlement with Geico General Insurance Company or his settlement with Allstate because the funds are in controversy.

33. Moreover, Plaintiff has been unable to receive any funds from the settlement of his claim against the third party tortfeasor whose negligence and/or other culpable conduct caused the Incident because the funds are in controversy.

34. An actual controversy exists between the Plaintiff and the Defendants within the jurisdiction of this court regarding policy coverage of the Health Insurance Plan, the alleged right of subrogation, and, as set forth hereinafter, Defendants' refusal to pay reasonable and necessary medical bills.

WHEREFORE, Plaintiff asks that this Honorable Court:

A. Grant declaratory judgment to the effect that the motor vehicle policy issued to Thomas Polen, a Pennsylvania resident, with applicable and legal Pennsylvania provisions provided coverage pursuant to Pennsylvania statute, code, and precedent;

B. Grant declaratory judgment to the effect that the motor vehicle policy issued to Thomas Polen, a Pennsylvania resident, provides coverage governed by the anti-subrogation provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S.A § 1720;

C. Grant declaratory judgment to the effect that the Health Insurance Plan is bound by the anti-subrogation provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S.A § 1720;

D. Grant declaratory judgment to the effect that the Defendants have no subrogation interest in any proceeds of Plaintiff's underinsurance settlement paid by Geico General Insurance Company;

E. Grant declaratory judgment to the effect that Defendants have no subrogation interest in any future settlement, verdict, or other resolution of Plaintiff's claim against any third party tortfeasor claim settlement, or judgment;

{SF16-1023.0001}

F. Grant declaratory judgment to the effect that Defendants have no subrogation interest in any proceeds Plaintiff receives arising out of the maintenance and use of his motor vehicle relating to the incident; and,

G. Grant such further relief as the Court may deem to be just and equitable.

## COUNT II – BREACH OF CONTRACT

### THOMAS POLEN vs. UNITED HEALTHCARE SERVICES, INC.

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were more fully set forth herein.

36. Plaintiff, at all times relevant hereto, fully complied with all terms and conditions of the policy.

37. Nonetheless, Defendant United Healthcare refused, without legal justification or cause, to cease its unfounded assertion of a lien against Plaintiff's recovery.

38. Defendant United Healthcare has also refused to pay legitimate medical bills for accident related medical care.

39. As a result of Defendant United Healthcare's refusal to pay legitimate medical bills for accident related medical care, Plaintiff has suffered damages to his reputation and his credit.

40. Defendant United Healthcare has not offered an explanation for its refusal to comply with its obligation to pay medical bills for accident related medical care.

41. As the insurer of Plaintiff, Defendant United Healthcare owes fiduciary, contractual, and statutory duties toward Plaintiff to act in good faith.

42. As a result of the conduct of Defendant United Healthcare, Plaintiff has been denied access to the benefits due him under his Motor Vehicle Insurance policy which were paid by Geico and Plaintiff has been denied access to the benefits due to him from the settlement of his claim against the third party tortfeasor.

{SF16-1023.0001}

43. Plaintiff has been severely compromised in his ability to pay bills received from healthcare insurance providers for services which are and were not covered.

44. Moreover, Plaintiff's ability to settle his claims was significantly impaired.

45. Plaintiff's credit and/or reputation have been adversely impacted by his inability to pay outstanding bills claimed by medical service providers.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant United Healthcare, Inc. for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

## COUNT III – BAD FAITH

### THOMAS POLEN vs. UNITED HEALTHCARE SERVICES, INC.

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45 as though the same were more fully set forth at length herein.

47. Defendant United Healthcare did not have a reasonable basis for denying Plaintiff benefits under his policy.

48. Defendant United Healthcare knew it had no reasonable basis for denying the benefits and/or recklessly disregarded its lack of a reasonable basis in denying Plaintiff the right to retain the proceeds due him and/or due to be paid on his behalf under the Health Insurance Plan policy.

49. Defendant United Healthcare refused to pay the proceeds due to Plaintiff and/or due to be paid on his behalf under the Health Insurance Plan policy and acted with a dishonest purpose and in breach of its known duty.

50. Defendant has violated its express and/or implied duty to act in good faith, the Health Insurance Plan policy's covenant of good faith and fair dealing, and/or committed the tort of bad faith.

51.     Defendant United Healthcare has violated the provisions of Pennsylvania's Bad Faith Statute, 42 PA.C.S.A. § 8371.

WHEREFORE, Plaintiff demands judgment against Defendant United Healthcare, Inc. for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest for compensatory damages, plus punitive damages, attorneys' fees, and additional damages allowed by law, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

## COUNT IV – FRAUD, MISREPRESENTATION AND DECEIT
## THOMAS POLEN vs. UNITED HEALTHCARE SERVICES, INC.

52.     Plaintiff hereby incorporates by reference paragraphs 1 through 51 as though the same were more fully set forth at length herein.

53.     The conduct of Defendant United Healthcare constitutes misrepresentation, fraud, and deceit in that, *inter alia*, Defendant United Healthcare knowingly, willfully, and/or recklessly refused to abide by and failed to comply with its obligations including, but not limited to, those outlined in the terms and conditions of the Health Insurance Plan such as the contractual term that the Health Insurance Plan is governed by the laws of the "State of [*sic*] Commonwealth of Pennsylvania" and the promise that, "We will pay Benefits as set forth in this Policy."

54.     Moreover, the conduct of Defendant United Healthcare constitutes misrepresentation and deceit in that it knowingly, willfully, and/or recklessly breached the policy's implied covenant of good faith and fair dealing; the statutes of the Commonwealth of Pennsylvania; and the regulations of the Insurance Department of the Commonwealth of Pennsylvania; and/or otherwise violated its fiduciary, contractual, and statutory duties in dealing with Plaintiff.

{SF16-1023.0001}

55. Plaintiff justifiably relied upon the representations, which representations were false when made and, therefore, the conduct of Defendant United Healthcare constitutes the common law torts of deceit and fraud for which Plaintiff seeks compensatory, consequential, and punitive damages.

56. As a further proximate result of the commission by Defendant United Healthcare of the common law torts of deceit and fraud, Plaintiff has sustained unnecessary emotional strain, financial harm, reputational damage, and/or mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant United Healthcare, Inc. for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs for compensatory damages, punitive damages, attorneys' fees, and additional damages allowed by law, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

## COUNT V – PENNSYLVANIA UNFAIR TRADE PRACTICES & CONSUMER PROTECTION LAW

**THOMAS POLEN vs. UNITED HEALTHCARE SERVICES, INC.**

57. Plaintiff hereby incorporates by reference paragraphs 1 to 56 as though the same were more fully set forth herein.

58. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 – 201-9 ("UTPCPL") provides a private cause of action to any person who purchases goods or services primarily for personal, family or household purposes who suffers an ascertainable loss of money or property as the result of certain "unfair and deceptive acts or practices" defined under the Act. 73 P.S. §201-9.2(a).

59. The conduct set forth previously constitutes "unfair or deceptive acts or practices" as, *inter alia,* they:

{SF16-1023.0001}

a.  Cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b.  Represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; and,

c.  Create a likelihood of confusion or of misunderstanding.

60. Plaintiff justifiably relied upon the representations made by Defendants.

61. Defendant is liable to Plaintiff for all damages caused by its violation of the UTPCPL and any exemplary damages allowable by law.

WHEREFORE, Plaintiff demands judgment against Defendant United Healthcare, Inc. for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs for compensatory damages, punitive damages, attorneys' fees and additional damages allowed by law, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

RESPECTFULLY SUBMITTED:

**SCHIFFMAN FIRM, LLC**

/s/ *Jason M. Schiffman, Esq.*
Jason M. Schiffman, Esq.
Daniel S. Schiffman, Esq.



1300 Fifth Avenue
Pittsburgh, PA 15219
Phone: (412) 288-9444
Fax: (412) 288-9455

Attorneys for Plaintiff

Dated: 08/22/2017

{SF16-1023.0001}